1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE PEDRO SALDANA MEZA,              No. 1:26-cv-00800-DJC-EFB

12                 Petitioner,

13   v.                                     ORDER

14
     WARDEN, GOLDEN STATE ANNEX
15   DETENTION FACILITY, et al.,

16                 Respondents.

17

18         Petitioner Jose Pedro Saldana Meza is an immigration detainee proceeding

19   with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary

20   Restraining Order (ECF No. 2).  The Court has previously addressed the legal issues

21   raised in the Petition and Motion.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC,

22   2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v Becerra*, No. 1:25-cv-

23   01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

24         The Court informed the parties that it intended to rule directly on the petition

25   and ordered respondents to show cause as to whether there are any factual or legal

26   issues in this case that distinguish it from the Court's prior orders.  (ECF No. 8.)

27   Respondents contend the present case is factually distinguishable because Petitioner

28

                                          1

1  had a criminal conviction in 2014.[1]  (Opp'n (ECF No. 9) at 3.)  This is not a meaningful

2  distinction.  Petitioner's arrest over a decade prior to his present detention does not

3  alter the Court's prior analysis that Petitioner is not subject to detention under 8 U.S.C.

4  § 1225(b) but is instead subject to 8 U.S.C. § 1226 and is thus entitled to a bond

5  hearing under that section.  *See Morillo*, 2025 WL 3190899, at *2–4.  Contrary to the

6  implication of Respondents' argument, a past conviction does not negate the right to

7  a bond hearing.  While those past convictions may certainly be relevant to the

8  Immigration Judge in determining whether and how to order release on bond, the

9  entire point of procedural due process is to enable Petitioner to be heard on precisely

10  these kinds of matters, and to present evidence in mitigation if he so chooses.

11      Respondents also suggest that relief is inappropriate because Petitioner did not

12  actually request a bond hearing before it was denied.  As an initial matter,

13  Respondents argue that because of this failure, "[Petitioner] has provided no

14  evidence" that he was denied bond under section 1226.  (Opp'n at 2.)  But at the same

15  time, Respondents acknowledge that "since July 2025, Respondents have taken the

16  position that similarly situated detainees are subject to mandatory detention under

17  the provisions of 8 U.S.C. § 1225(b)[,]" and that "Petitioner is such an applicant for

18  admission" to which section 1225(b) applies.  (Opp'n at 3.)  That Respondents'

19  expansive interpretation of section 1225(b) is the basis for Petitioner's detention is

20  consistent with the posture of the hundreds of cases flooding this District that raise the

21  precise issue Petitioner raises.  There can be no serious doubt as to why Petitioner is

22  detained.

23      Moreover, the suggestion that Petitioner should have requested a bond

24  hearing ignores the reality that Immigration Judges have, as far as the Court can tell,

25  refused to hold bond hearings by virtue of their conclusion that the vast majority of

26  

_____

27  [1] Respondents also note older arrests that were filed against Petitioner in 1996 and 2007, though
Respondents do not assert or present evidence that any conviction resulted from these arrests.  (*See*

28  Opp'n at 1; *see also* ECF No. 9-1.)

2

noncitizens are subject to mandatory detention under section 1225(b).  Consequently,

the cases in which a detainee requested a bond hearing and the Immigration Judge

determined that they lacked jurisdiction to even consider such a request because the

detainee is subject to mandatory detention are legion.  *See, e.g.*, from cases filed

before the undersigned in just the last week alone, *Canizales-Beltran v. Chestnut*, No.

1:26-cv-00931-DJC-JDP (ECF No. 2-3 at 36–37); *Munish v. Andrews*, 1:26-cv-00849-

DJC-SCR (ECF No. 1-4 at 2); *Bahadur v. Chestnut*, 1:26-cv-00811-DJC-AC (ECF No. 5-1

at 53); *Bajwa v. Warden, Mesa Verde Ice Processing Center*, 1:26-cv-00936-DJC-JDP

(ECF No. 1-2 at 1); *Nova Camargo v. Chestnut*, 1:26-cv-01004-DJC-CSK (ECF No. 2-3

at 26–27).  The Court will not insist Petitioner engage in what is almost certain to be a

fruitless exercise.

Accordingly, as Respondents have not made any new legal arguments and

have not identified any factual or legal issues in this case that would meaningfully

distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED

that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for

the reasons stated in those prior orders.[2]

Within five (5) days of this Order, Respondents shall afford Petitioner Jose

Pedro Saldana Meza a bond hearing before a neutral arbiter pursuant to section

1226(a) and its implementing regulations, at which Petitioner's eligibility for bond

must be considered.  The Clerk of the Court is directed to close this case and enter

judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **February 6, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28